UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH BROWN,
                                        **Plaintiff,**

   -against-                                    9:04-CV-0785

**GLENN S. GOORD, Commissioner of
New York State Department of
Correctional Services; DALE ARTUS,
Superintendent of Clinton Correctional
Facility; ROY LYNCH, Sergeant of
Clinton Correctional Facility,**

                                          **Defendants.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

## DECISION & ORDER

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. George H. Lowe, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).

The Report-Recommendation dated November 20, 2006 recommended that Defendants' motion for summary judgment be granted and that the action be dismissed in its entirety. In the Report-Recommendation, Magistrate Judge Lowe found that Plaintiff had failed to adduce any evidence indicating that Defendants were personally involved in the alleged constitutional violations. Plaintiff filed objections to the Report-Recommendation.

When objections to a magistrate judge's Report-Recommendation are lodged, the

1

Court reviews the record *de novo*. See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The [Court] may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Lowe for the reasons stated in the November 20, 2006 Report-Recommendation. The Court has considered Plaintiff's grounds for objection and has found them to be without merit.

It is therefore

**ORDERED** that Defendants' motion for summary judgment [dkt. No. 26-42] is **GRANTED,** and the action is **DISMISSED** in its entirety. Further, for the reasons described by Magistrate Judge Lowe in his Report-Recommendation at pages 5 to 7, the Court finds that Plaintiff has accumulated more than "3 strikes" for purposes of 28 U.S.C. § 1951(g).[1] Therefore, any appeal from the judgment of this the Court, and any future civil action, would be barred unless Plaintiff can demonstrate that he "is under imminent danger of serious physical injury." Id. Plaintiff is **ORDERED** to represent on any future application for *in forma pauperis* status on any case brought in a court of the United States while Plaintiff is incarcerated or detained in any facility that he has received three

---

[1] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

strikes under 28 U.S.C. § 1951(g).

**IT IS SO ORDERED**.

DATED:   February 20, 2007

_____
Thomas J. McAvoy
Senior, U.S. District Judge